UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| David Ottenweller, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 3:24-cv-3077 |
| v. | § | |
| | § | |
| Amazon.com Services LLC, | § | |
| | § | |
| *Defendant*. | § | |

Plaintiff David Ottenweller ("Plaintiff"), by his counsel, Harman Green PC, alleges for his Complaint against Defendant Amazon.com Services LLC ("Defendant") as follows:

## PRELIMINARY STATEMENT

1. This case is about disability discrimination and retaliation against an employee who was accommodated for a mental health condition.

2. Plaintiff is a disabled man who was employed by Defendant. During his employment, Plaintiff was subjected to ongoing, unabated harassment as a result of, and directed at, his disability.

## JURISDICTION

3. Pursuant to 28 U.S.C. §1331 this Court may properly hear Plaintiff's claims as they arise under a federal statute.

4. Pursuant to 28 U.S.C. §1367 this Court may properly hear Plaintiff's State law claims as they arise out of the same nucleus of operative fact so as to create the same case or controversy.

5. Plaintiff timely filed with the Equal Employment Opportunity Commission, Charge number 31C-2024-00634, and received a Right to Sue letter on September 10, 2024. This case was filed within 90 days of receipt of that Right to Sue Letter.

1

## PARTIES

6. Plaintiff was and is a resident of Texas.

7. Defendant Amazon.com Services LLC is an entity with a headquarters in Washington, but which conducts business throughout the State of Texas, subjecting it to jurisdiction there.

## JURY DEMAND

8. Plaintiff respectfully requests a trial by jury.

## STATEMENT OF FACTS

9. Plaintiff is a man who is disabled, and requires accommodations in the workplace.

10. Plaintiff began his employment with Defendant in 2022 as a Picker at a warehouse in Grapevine, Texas.

11. During his employment, Plaintiff was in an abusive relationship.

12. On October 13, 2022, Plaintiff received a letter from his doctor that stated that Plaintiff required an accommodation.

13. Specifically, the note stated that Plaintiff "will need to be able to wear ear buds at work to listen to music as a coping skill for the symptoms related to his mental illness."

14. Plaintiff was depressed because of his abusive relationship, a relationship where is partner routinely tried to have Plaintiff commit suicide so she could collect on life insurance.

15. Plaintiff asked to be accommodated and was accommodated by Defendant's HR Department.

16. Plaintiff's direct managers, by Alex Ernst and Eric Johnston, were aware of Plaintiff's mental health disability.

17. Plaintiff's direct managers were aware of Plaintiff's accommodation request to wear ear buds in the workplace.

18. Plaintiff's direct managers harassed Plaintiff because of his disabilities, and

routinely made fun of Plaintiff for requiring an accommodation.

19. Plaintiff's managers created a hostile work environment for two years to attempt to get Plaintiff to quit.

20. Managers pointed speakers at Plaintiff, and blared music all day long in an effort to distract him and to harass him.

21. Plaintiff's managers denied and mocked his mental health condition, specifically to make working conditions intolerable for Plaintiff.

22. Plaintiff's managers explicitly told him that they believed he was "making up" his disability.

23. Because Plaintiff was disabled, his managers refused to allow him to attend meetings with coworkers and stifled Plaintiff's ability to seek promotions.

24. These negative and harassing acts were done only to distress Plaintiff as a person with disabilities and approved accommodations.

25. Plaintiff asked for the harassment to stop, but it never did.

26. Plaintiff was homeless and slept in his car in the parking lot, as do many pickers.

27. Upon information and belief, it was well known that many pickers slept in their cars between shifts.

28. Despite this, Plaintiff's managers called the police on only him.

29. Plaintiff was then hospitalized again, in January 2024, as a result of his disability.

30. When he was hospitalized again, Plaintiff was terminated immediately.

# CAUSES OF ACTION
## FIRST CLAIM

### Termination as a result of disability discrimination in violation of the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code

31. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 30 with the same force as though separately alleged herein.

32. The Americans with Disabilities Act requires that employers such as Amazon.com Services LLC provide a reasonable accommodation to an employee if that employee indicates that they are disabled and require such an accommodation.

33. Chapter 21 of the Texas Labor Code tracks and mirrors Americans with Disabilities Act and incorporates it as Texas State Law.

34. Plaintiff is disabled.

35. Plaintiff made known to Defendant that he was disabled.

36. Plaintiff was terminated as a result of that disability.

37. Any other basis for termination is pretextual.

38. As such, Defendant intentionally and willfully violated Plaintiff's right to be free from discrimination, and owes Plaintiff all front pay, back pay, emotional distress damages, punitive damages as the failure to engage in the interactive process was malicious and inexcusable, attorney fees, costs, expenses, and any and all other remedies this Court deems just and proper.

## SECOND CLAIM

### Hostile Work Environment due to disability discrimination in violation of the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code

39. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 30 with the same force as though separately alleged herein.

40. The Americans with Disabilities Act requires that employers such as

4

Amazon.com Services LLC provide a reasonable accommodation to an employee if that employee indicates that they are disabled and require such an accommodation.

41. The Americans with Disabilities Act further requires that employers maintain an environment that is free from hostility, animus, or discrimination on the basis of disability.

42. Chapter 21 of the Texas Labor Code tracks and mirrors Americans with Disabilities Act and incorporates it as Texas State Law.

43. Plaintiff is disabled.

44. Plaintiff made known to Defendant that he was disabled.

45. Plaintiff was routinely harassed because of his disability and had his career with Defendant stifled as a result of his disability.

46. Plaintiff was terminated as a result of that disability.

47. Any other basis for termination is pretextual.

48. As such, Defendant intentionally and willfully violated Plaintiff's right to be free from discrimination, and owes Plaintiff all front pay, back pay, emotional distress damages, punitive damages as the failure to engage in the interactive process was malicious and inexcusable, attorney fees, costs, expenses, and any and all other remedies this Court deems just and proper.

## THIRD CLAIM

**Retaliation for complaints of disability discrimination as required by the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code**

49. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 30 with the same force as though separately alleged herein.

50. The Americans with Disabilities Act requires that employers such as Amazon.com Services LLC provide a reasonable accommodation to an employee if an employee indicates that they are disabled and require such an accommodation. Failure to do

so, or inequitable treatment as a result of such an accommodation, is discrimination.

51. The Americans with Disability Act also states that an employee who raises a good faith complaint of discrimination, such as Plaintiff had, is protected from retaliation.

52. Chapter 21 of the Texas Labor Code tracks and mirrors Americans with Disabilities Act and incorporates it as Texas State Law.

53. Plaintiff is disabled.

54. Plaintiff made known to Amazon.com Services LLC that he was disabled.

55. Plaintiff was harassed because of his disabilities and asked that the harassing conduct stop, effectively complaining about the discrimination.

56. Amazon.com Services LLC terminated Plaintiff because he complained about disability discrimination.

57. As such, Defendant intentionally and willfully violated Plaintiff's right to be free from retaliation, and owes Plaintiff all front pay, back pay, emotional distress damages, punitive damages as the failure to engage in the interactive process was malicious and inexcusable, attorney fees, costs, expenses, and any and all other remedies this Court deems just and proper.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

B. For the second cause of action, damages for wages and emotional distress,

compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

C. For the third cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements; and

D. For such other and further relief as the Court deems just and proper.

Dated:  Dallas, Texas
December 9, 2024

                                              **HARMAN GREEN PC**

By: *[signature: Walker G. Harman Jr.]*

Walker G. Harman, Jr.
140 Broadway, Fl 46
New York, NY 10005
824 Exposition Ave.,
Suite 8
Dallas, Texas 75226
(646) 248-2288
wharman@theharmanfirm.com
erichardson@theharmanfirm.com
*Attorneys for Plaintiff*